UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
JAMALI BROCKETT,

                Petitioner,

        -against-

12 CV 1904 (SJ)

MEMORANDUM & ORDER

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------------------X
A P P E A R A N C E S

BARRY G. RHODES ATTORNEY AT LAW
112 West 34th Street
18th floor
New York, NY 10120
By:    Barry Gene Rhodes
Attorney for Petitioner

LORETTA E. LYNCH, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By:    Licha M. Nyiendo
Attorney for Respondent

**JOHNSON, Senior District Judge:**

Petitioner Jamali Brockett ("Brockett"), filed a <u>pro se</u> petition pursuant to 28 U.S.C. § 2255 ("Section 2255") to vacate, set aside, or correct his sentence on the grounds that he received ineffective assistance of counsel. The Government

1

opposed. On September 4, 2012, the Petitioner filed an additional pro se supplemental Section 2255 Motion. On September 5, 2012, the Court granted the Petitioner's request to be appointed counsel. On September 20, 2013, the Petitioner, through counsel, filed a motion for an evidentiary hearing to adduce evidence regarding Brockett's ineffective assistance of counsel claims. The Court denied this request on October 24, 2014, finding sufficient evidence in the record upon which to base its decision. Based on the submissions of the parties, and for the reasons stated below, the Section 2255 Motion is DENIED.

BACKGROUND

On November 4, 2008 Petitioner Brockett and co-defendant Hassan Portee ("Portee") were arrested at a Howard Johnson Hotel in New York City. An FBI investigation revealed that, between March 2008 and November 2008, Petitioner and Portee obtained money by promoting the prostitution of at least seven girls, from as young as 14 years old, in New York City, Long Island, Baltimore, Washington, D.C., and New Jersey, among other locations. Petitioner was thereafter indicted, charged with: (1) two counts of sex trafficking of a child, in violation of 18 U.S.C. §§ 1591(a)(1)-(a)(2) ("Counts 1-2"); (2) two counts of sex trafficking of women, in violation of 18 U.S.C. §§ 1591(a)(1)-(a)(2) ("Counts 3-4"); (3) Conspiracy to Violate the Mann Act, in violation of 18 U.S.C. § 2421 ("Count 5"); (4) two counts of Mann Act Violations in violation of 18 U.S.C. § 2421, 2 and 3551 et seq. ("Counts 6-7").

Brockett was arraigned by Magistrate Judge Robert M. Levy on December 2, 2008. He first appeared before the undersigned on December 19, 2008, when the parties reported plea negotiations. Though he was represented by counsel, Brockett wrote a pro se letter to the Court in which he claimed that his involvement in the offenses was a result of duress. (Dkt. No. 22.) Specifically, Brockett's letter stated that he sold marijuana to pimps in Manhattan who then forced him to book hotel rooms for them so that Brockett's name, and not theirs, would be connected to the prostitution. Brockett goes on to explain that he had a girlfriend who he visited in Pennsylvania and that the girlfriend's mother was planning a wedding in Myrtle Beach, South Carolina that would coincide with Myrtle Beach's annual Bike Week. Brockett claimed to have traveled to Myrtle Beach with a prostitute but only because the prostitute was afraid of her pimp and felt safe with Brockett. (See id. at 5-6.) He also claimed to have rented a hotel room for her when they returned from South Carolina, and to have posted an ad on Craigslist offering her services.

At the June 4, 2009 appearance, Brockett's defense counsel, Heidi Cesare, reported a breakdown in the attorney/client relationship, and Mitchell Golub ("Golub") was appointed to represent Brockett. Three appearances later, the parties still had not reached an agreement and a trial date was set for November 2, 2009. The parties then reported to the Court that they had reached an agreement. Pursuant to that agreement, Brockett would plead guilty to Count One of the indictment. The agreement contemplated a base offense level of 30, with adjustments for influencing

3

a minor, using a computer, an act of a commercial nature, restraint of victim and acceptance of responsibility, for a total offense level of 36 and a resulting guideline range of 188 to 235 months. The agreement contained an appellate waiver barring Brockett from appealing any sentence below 235 months.

On October 16, 2009, a conference was held and the parties notified the Court that Brockett would be pleading that day to the indictment rather than according to the plea agreement. (See Dkt. No. 1 at 16 ("I choose [*sic*] not to sign it because I was told that if I sign I give up all my rights to appeal.").)

At the allocution, the Court inquired of the government the proof that would be brought had the parties gone to trial.

| | |
|---|---|
| Government: | Your Honor, if we had to go to trial, we would present witnesses and documentary evidence reflecting that the defendant, starting around March 2008, went into the business of pimping. He enticed and coerced girls and women – when I say girls, I mean some of the girls were under 18. Some of the girls were over 18 – but he enticed these girls and women to become prostitutes, to work for him. |
| | He set up a business such that he put ads on Craigslist, on the internet, and would advertise these girls and women to customers. The customers would call the phone number reflected on the ads, and the customers would make arrangements with these girls and women to meet in hotel rooms that the defendant and a coconspirator would pay for. |
| | In the hotel rooms, the girls would prostitute themselves out for $200 an hour, and the defendant would collect all the money that was earned from this prostitution for himself. |
| | The defendant did these activities between March 2008 and September 2008. And these activities – the prostitution |

> occurred in Queens as well as out of state, in the Washington DC area and South Carolina.
>
> […]
>
> And one other factor, Your Honor, which I believe is an element of one of the crimes, the defendant also used force or coercion to entice these girls to become prostitutes for him by force – I mean physical force […] such as hitting them if they wanted to leave the business, slapping them, that type of force.

The Court: Okay. Now I ask the defendant, with respect to Count 1 of the indictment, how do you plead, guilty or not guilty?

Defendant: Guilty.

(Tr. at 16-17.) The Court then inquired as to Counts Two through Seven. Brockett testified under oath that he was pleading guilty to each count voluntarily and of his own free will. (Tr. 18.) Brockett admitted that he had pimped underage girls and women throughout New York City and collected all of the proceeds. He also admitted driving to South Carolina with one of the Jane Does to attend Bike Week in Myrtle Beach, contrary to his earlier pre-allocution statement that he went there for a wedding with a woman who was his girlfriend. He further allocated that he was fully satisfied with the advice, representation, and counsel provided by his counsel. (Tr. 4-5.)

A Pre-Sentence Investigation Report ("PSR") was prepared by the Probation Department on April 21, 2010. The base offense level for each count was 30 and the adjusted offense levels ranged from 34 to 38, with enhancements added for the victim's age, U.S.S.G. § 2A3.1(b)(2)(B), Brockett's use of a computer, U.S.S.G. §

5

2A3.1(b)(6)(B), his managerial role, U.S.S.G. § 3B1.1(a), and his use of force in transporting the victims, U.S.S.G. § 1B1.1, where those enhancements were consistent with the particular count of conviction. His offense level was further adjusted, pursuant to U.S.S.G. § 3D1.2's grouping analysis, and a 3-point reduction for acceptance of responsibility was applied. His total offense level was 39; the resulting guideline range was 262 to 327 months imprisonment.

At sentencing, defense counsel argued for a downward departure from the guideline sentence, based on Brockett's "extraordinary acceptance of responsibility," including his participation in proffer sessions and provision to the government of information regarding other pimps in the New York City area.[1] Brockett was ultimately sentenced to 287 months, to be followed by a three year term of supervised release. Brockett appealed his sentence on July 6, 2010 and the Second Circuit affirmed the conviction and judgment on April 26, 2011. United States v. Brockett, 520 F. App'x 106 (2d Cir. 2011).

On October 12, 2012, Petitioner commenced this action pursuant to Section 2255, arguing in conclusory manner that his counsel was ineffective for "coercing" him to plead to the indictment. Brocket also argues that counsel failed to object to certain guideline enhancements, to wit: the 4-point enhancement for abducting Jane Does 2 and 5, the 2-point enhancement for use of a computer, and the 2-point enhancement for having a managerial role. The Government opposes, arguing that

---

[1] No arrests were made as a result of information provided by Brockett.

Petitioner's claim is procedurally barred and, even if it is not, that the claim fails on the merits.

DISCUSSION

In a petition under Section 2255, a petitioner must show that the sentence: "(1) was imposed in violation of the Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2010). In Section 2255 proceedings, a petitioner bears the burden of proof by a preponderance of the evidence. See Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000).

A. *Petitioner's Claim Fails on the Merits*

Petitioner's Section 2255 motion fails on the merits because Brockett cannot demonstrate that he suffered ineffective assistance of counsel. Though Petitioner, in his primary brief as well as his supplemental brief, brings seven grounds, each relate in sum and substance to an allegation of ineffective assistance of counsel related to his plea to the entire indictment.

"In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend VI. Under the well-established Strickland test, Brockett must show (1) that his counsel's performance

was deficient, and (2) that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 689–94 (1984).

To establish deficient performance, Brockett must demonstrate that "counsel's representation 'fell below an objective standard of reasonableness.'" Wiggins v. Smith, 539 U.S. 510, 521 (2003) (quoting Strickland, 466 U.S. at 688). Counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[T]o establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

In this case, Brockett's claims are not supported by the record. He claims generally in Count One that the standard has been met because counsel coerced him into an open plea and "failed to render adequate legal assistance." In Count Four, he claims that his counsel was ineffective for failing to properly advise him. The Court finds such arguments unavailing. Brockett was asked at his allocution whether he understood that he was not pleading guilty pursuant to a plea agreement, and that he wished to plead to the entire indictment and he answered yes, rendering these three Counts meritless. Moreover, Brockett himself admits that he rejected the government's plea offer because he did not want to waive his right to appeal. This is

consistent with Golub's declaration, in which he further states that he advised against Brockett pleading to the entire indictment.

With respect to Brockett's legal counsel, the following exchange took place at the Petitioner's plea:

> The Court: Are you fully satisfied with the . . . representation and advice he's given you with respect to these charges?
>
> Petitioner: Yes, Your Honor.

(Tr. at 5.) Brockett further stated repeatedly that his plea was voluntary and of his own free will. (Tr. at 17-18.) "These '[s]olemn declarations in open court carry a strong presumption of verity.'" Garcia v. United States, Nos. 08 CV 4999 (SJ), 04 CR 693 (SJ), 2009 WL 3379135 at *2 (E.D.N.Y. Oct. 20, 2009) (quoting Blackledge v. Allison, 431 U.S. 63, 73 (1977));

With respect to Brockett's argument that Golub failed to make objections to the PSR, this Court finds that such failure does not constitute a deficient performance for the purpose of Strickland. Guideline § 1B1.1 finds an abduction to have occurred where "a victim was forced to accompany an offender to a different location." Golub's decision not to challenge that enhancement is reasonable in light of Brockett's allocution during which he agreed that he used "force or coercion" to get the girls and women to work for him. Moreover, having pled to collecting 100% the fees that five different Jane Does would charge for sex, Brockett admits having the managerial role that is defined in U.S.S.G. § 3B1.1. Finally, in his letter to the

Court, Brockett discusses posting ads on Craigslist promoting prostitution. Golub's decision to pursue a below-guideline sentence rather than attack the guideline calculation itself is not unreasonable under these circumstances. See Strickland, 466 U.S. at 688 ("The proper measure of attorney performance remains simply reasonableness under the prevailing professional norms."); Elfgeeh v. United States, (E.D.N.Y. Sept. 21, 2010) ("Petitioner must overcome a strong presumption that the challenged action should be considered sound trial strategy"). Therefore, Brockett's claim of ineffective assistance of counsel is without merit.

B.  *Procedural Bar*

In Count Two, Petitioner claims that his sentence was "double the mandatory minimum." This is an argument made by Brockett on appeal and one for which he offers no support. See United States v. Brockett, 420 F. App'x 106, 108 (2d Cir. 2011). "[P]urporting to consider the merits of repackaged claims that were rejected on the merits during direct review would be a waste of scarce judicial resources." Beras v. United States, No. 05-cv-2678, 2013 WL 1155415 (S.D.N.Y. Mar. 20, 2013).

Here, the Second Circuit specifically ruled that Petitioner's sentence was not unreasonable:

> Brockett does not offer any support for his contention that his sentence is substantively unreasonable because the Guidelines range is more than twice the statutory mandatory minimum. See United States v. Melvin, 379 F. App'x. 37, 38 (2d Cir. 2010)

(summary order) (observing that nothing requires a district court to use the statutory minimum as a starting point for the sentencing determination). In all of the circumstances, we conclude that Brockett's 287–month sentence, which is well below the statutory maximum sentence, is reasonable in this case.

Brockett, 420 F. App'x at 108. Even Brockett's counsel, appointed by the Court to explore and bolster any potential constitutional arguments presented by this case, failed to address this issue in any regard. The claim is without merit.

C. *Remaining Claims*

The Court has considered all remaining arguments. To the extent not specifically addressed above, the remaining arguments are either moot or without merit.

## CONCLUSION

For the foregoing reasons, the petition is DENIED. Further, the Court will not issue a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. The Clerk of Court is directed to close this case. SO ORDERED.

Dated: February 18, 2015  _____/s_____
      Brooklyn, NY        STERLING JOHNSON, JR., U.S.D.J.